Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Fort Myers Division

Case No. 2:22CV528JLB·NPM

*(to be filled in by the Clerk's Office)*

RONNIE JHURILAL # B10228
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

... (SEE ATTACHED)...
)
)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

# TABLE OF CONTENTS



1.) Complaint for violation of Civil Rights (Page #1)

2.) List Of Defendants (Page 1(a))

3.) Complaint for violation Of Civil Rights (Page #2-3)

4.) Defendant Information (Page 3(a) - 3(b))

5.) Complaint for violation Of Civil Rights (Page #4)

6.) Additional Attachment Pages (4 (b)(1) - 4 (b)(10))

7.) Section IV. Statement Of Claim Attachment 1-5

8.) Complaint for violation of Civil Rights (Page #5-11)

(1) "BEEBE" (Officer) [FNU]
Defendant.

(2) "INIZA PARASCHUK" (Registered Nurse),
Defendant.

(3) "J. BASILIO" (Sergeant) [FNU]
Defendant.

(4) "STAHL" (Licensed Practical Nurse) [FNU]
Defendant.

(5) "MONROE" (Licensed Practical Nurse) [FNU],
Defendant.

(6) "FRANCK PAPILLON" (X-RAY TECH)
Defendant.

(7) "PRATUL M. PATEL" (Medical Doctor),
Defendant.

(8) "D. ROBERTS" (Optometrist) [FNU],
Defendant.

(9) "BURTON" (Licensed Practical Nurse) [FNU],
Defendant.

(00) NOTE: FNU (FULL NAME UNKNOWN).

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name RONNIE JHURILAL

All other names by which
you have been known: (NOT APPLICABLE)

ID Number B10228

Current Institution CHARLOTTE CORRECTIONAL INSTITUTION

Address 33123 OIL WELL ROAD

PUNTA GORDA        FLORIDA        33955
*City*                          *State*                *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name BEEBE (FULL NAME UNKNOWN)

Job or Title *(if known)* (CORRECTIONAL OFFICER)

Shield Number (UNKNOWN)

Employer FLORIDA DEPARTMENT OF CORRECTIONS / CHARLOTTE CORRECTIONAL INSTITUTION

Address 33123 OIL WELL ROAD

PUNTA GORDA        FLORIDA        33955
*City*                          *State*                *Zip Code*

[✓] Individual capacity        [ ] Official capacity

Defendant No. 2

Name INIZA PARASCHUK

Job or Title *(if known)* Registered Nurse

Shield Number (NOT APPLICABLE)

Employer CENTURION / CHARLOTTE CORRECTIONAL INSTITUTION

Address 33123 OIL WELL ROAD.

PUNTA GORDA        FLORIDA        33955
*City*                          *State*                *Zip Code*

[ ] Individual capacity        [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name J. BASILIO

Job or Title *(if known)* SERGEANT

Shield Number UNKNOWN

Employer FLORIDA DEPARTMENT OF CORRECTIONS/CHARLOTTE CORRECTIONAL INSTITUTION

Address 33123 OIL WELL ROAD

PUNTA GORDA          FLORIDA          33955
*City*                    *State*          *Zip Code*

[✓] Individual capacity        [ ] Official capacity

Defendant No. 4

Name STAHL (FULL NAME UNKNOWN)

Job or Title *(if known)* Licensed Practical Nurse

Shield Number (NOT APPLICABLE)

Employer CENTURION/CHARLOTTE CORRECTIONAL INSTITUTION

Address 33123 OIL WELL ROAD

PUNTA GORDA          FLORIDA          33955
*City*                    *State*          *Zip Code*

[ ] Individual capacity        [✓] Official capacity

## II.    Basis for Jurisdiction

Under 42 USC § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

All Defendants named herein had infact deprived me of my Eighth Amendment right secured by the constitution and federal laws under 42 U.S.C. § 1983; six of the nine Defendants who are Medical Professionals acting on behalf of the state did infact Prevent me from obtaining needed Medical care which Caused me Physical harm by exacerbating my injuries thus violating the fourteenth Amendment's Protection against the deprivation of liberty without due Process.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I AM NOT SUING UNDER BIVENS. (NOT APPLICABLE).

Defendant No. 5

Name: MONROE (FULL NAME UNKNOWN)

Job or Title (if known): Licensed Practical Nurse

Shield Number: (NOT APPLICABLE)

Employer: CENTURION / CHARLOTTE CORRECTIONAL INSTITUTION

Address: 33123 Oil Well Road

| PUNTA GORDA | FLORIDA | 33955 |
|---|---|---|
| City | State | Zip Code |

☐ Individual Capacity   ☑ Official Capacity

Defendant No. 6

Name: FRANCK PAPILLON

Job or Title (if known): X-RAY TECHNICIAN

Shield Number: (NOT APPLICABLE)

Employer: CENTURION / CHARLOTTE CORRECTIONAL INSTITUTION

Address: 33123 OIL WELL ROAD

| PUNTA GORDA | FLORIDA | 33955 |
|---|---|---|
| City | State | Zip Code |

☐ Individual Capacity   ☑ Official Capacity

Defendant No. 7

Name: PRATUL M. PATEL

Job or Title (if known): Medical Doctor / Interpreting X-Ray Physician

Shield Number: (Not Applicable)

Employer: Trident Care Imaging

Address: SOUTH EAST REGION, 4400 140 TH Avenue

| CLEARWATER | FLORIDA | 33760 |
|---|---|---|
| City | State | Zip Code |

☐ Individual Capacity   ☑ Official Capacity

Defendant No. 8

Name: D. ROBERTS (FULL NAME UNKNOWN)

Job or Title (if known): Doctor / Optometrist

Shield Number: (NOT APPLICABLE)

Employer: CENTURION / RECEPTION AND MEDICAL CENTER (MAIN UNIT)

Address: PO Box 628

|  |  |  |
|---|---|---|
| LAKE BUTLER | FLORIDA | 32054-0628 |
| City | State | Zip Code |

☐ Individual Capacity   ☑ Official Capacity

Defendant No. 9

Name: BURTON (FULL NAME UNKNOWN)

Job or Title (if known): Licensed Practical Nurse

Shield Number: (NOT APPLICABLE)

Employer: CENTURION / CHARLOTTE CORRECTIONAL INSTITUTION

Address: 33123 OIL WELL ROAD

|  |  |  |
|---|---|---|
| PUNTA GORDA | FLORIDA | 33955 |
| City | State | Zip Code |

☐ Individual Capacity   ☑ Official Capacity

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. This is how all of the enumerated defendants listed herein had Participated in this incident in one way or another which contributed to this Eighth Amendment violation of the Cruel and Unusual Punishment Clause for "Excessive force" and/or the actions of some of the other defendants and their failure to treat the Plaintiff for his noticeable injuries and the failure... (SEE Additional Attachments Page(s) 4(b)(1) - (10)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
... (SEE ATTACHMENTS TITLED "SECTION IV. STATEMENT OF CLAIM ATTACHMENT(S) 1-5)...

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

(NOT APPLICABLE)

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

The events giving rise to my claim arose inside of CHARLOTTE CORRECTIONAL INSTITUTION located in Punta Gorda Florida in the County of Charlotte, on The Date of 4/29/21.

## DEFENDANT BASILIO
### COUNT # 1

(1) BASILIO (Sergeant) - Contributed to this 8th Amendment violation of Cruel and Unusual Punishment clause for "EXCESSIVE FORCE" by Participating in this excessive force as the sole culprit that caused the most damage to the Plaintiff by sticking his finger deep in to my eye socket trying to gorge out the Plaintiff's eye, constantly Punching me in the face, etc., which caused PERMANENT INJURY to my right eye, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ resulting in me being blind in that eye. Which ultimately contributed to or proximately caused the 8th Amendment violations and torts of Assault and or battery under Florida Law, and the unnecessary use of force by Defendant Basilio was especially repugnant to the conscience of mankind.

### COUNT # 2

(2) BASILIO (Sergeant) - Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment clause for being "Deliberately Indifferent" to the Plaintiff's safety due to him failing to curb the acts and actions of all the staff that were involved and/or Participated in this unnecessary force incident. Because when Defendant Basilio arrived on the scene in the Medical area and witnessed his co-workers already abusing me, instead of him attempting to curtail staff from abusing me, he in fact had joined them harming me even more. Thus contributing to this 8th Amendment violation.

## DEFENDANT PARASCHUK
### COUNT # 1

(3) PARASCHUK (Registered Nurse)-Contributed to this 8th Amendment violation of the Cruel an unusual Punishment Clause for "EXCESSIVE FORCE" by Participating in this excessive force by holding both of my legs together trying to stop me from escaping the assault stating, "Don't make this any worse, just let it happen!" after Officer Beebe had gotten behind me inside of the medical triage room and started choking me. Therefore, the actions of Nurse Paraschuk in assisting defendant Beebe to harm me was not only a crime for "False Imprisonment" in violation of florida statutes and Criminal code for holding me against my will while I'm being harmed, but it was also Deliberately Indifferent to Plaintiff's safety and contributed to or Proximately caused the 8th Amendment violations and torts of assault and/or battery under florida Law, and defendant's unlawful Acts/contribution to my Abuse was especially repugnant to the conscience of mankind.

### COUNT # 2

(4) PARASCHUK (Registered Nurse) —Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to her being directly involved in the incident and therefore, witnessing all of the Plaintiff's injuries during the incident as well as witnessing the Plaintiff's injuries after the incident. Hence the Defendant was aware of the extent of the Plaintiff's injuries #1; and the Physical Danger (exacerbation of health Condition) that the Plaintiff would face and endure if the injuries were untreated #2; and the defendant still refused to treat the Plaintiff for his injuries intentionally out of malice, which caused the Plaintiff's injuries to become worse especially his eye condition which is now completely blind almost. Thus, the defendant (Paraschuk) in action to treat the Plaintiff for a known and obvious injury or injuries was deliberately indifferent to Plaintiff's safety and/or health which contributed to this 8th Amendment violation of Deliberate Indifference. Defendant Paraschuk's intentional Prevention of Providing medical care to clear and visible injuries attributed to ____ staff abuse did infact cause me further Physical harm due to her deliberate indifference and this constitutes a violation of the fourteenth Amendment's Protection against the deprivation of liberty without due Process.

## COUNT #3

(5) PARASCHUK (Registered Nurse)- Contributed to this 8th Amendment Violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to her failing to curb the acts and actions of all the staff who were abusing me while I was being seen by her for a medical emergency. Not only did Defendant Paraschuk fail to curb the acts and actions of other defendants from abusing me but she also: 1.) Refused to report the arbitrary actions of the staff's abuse against me; 2.) She Participated in assisting the staff to abuse me; and 3.) she falsified documents and reports refusing to document any of my injuries (which is a crime Pursuant to florida Criminal Code Punishable up to 5 Years of imprisonment). Therefore, Defendant Paraschuk's actions were deliberately indifferent to the Plaintiff's safety amounting to an 8th Amendment violation especially for treating the Plaintiff in a cruel and inhumane manner.

## DEFENDANT STAHL
### COUNT #1

(6) STAHL (Licensed Practical Nurse) - Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to him failing to curb the acts and actions of all the staff that were abusing me when he witnessed staff abusing me in the medical Unit along with Nurses Iburton and Paraschuk also witnessing. Thus, Defendant Stahl's acts of inaction for failing to also report this Particular incident of excessive force of staff abuse contributed to or Proximately caused this 8th Amendment violation.

### COUNT #2

(7) STAHL (Licensed Practical Nurse) -Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to him witnessing all of the Plaintiff's injuries during and after the excessive/unnecessary force incident. Hence, the defendant was aware of the severity and extent of the Plaintiff's injuries #1; and the Physical Danger (exacerbation of health Condition) that the Plaintiff would face and endure if the injuries went untreated #2; and the defendant still refused to treat the Plaintiff for his injuries intentionally out of malice and in cahoots with my staff abusers, which caused the Plaintiff's injuries to become worse, especially his eye condition which is now almost completely blind. Thus, the defendant (STAHL) in actions to treat the Plaintiff for a known and obvious injury or injuries was deliberately indifferent to the Plaintiff's safety and health especially being that defendant STAHL intentionally/knowingly and willingly

falsified medical documents and reports making it seem as if I had no injuries whatsoever from the staff abuse.

## DEFENDANT BURTON
### COUNT # 1

(8) BURTON (Licensed Practical Nurse) - Contributed to this 8th Amendment violation of the cruel and unusual punishment clause for being "Deliberately Indifferent" to the Plaintiff's safety due to her failing to curb the acts and actions of all the staff that were abusing in the medical unit along with nurses STAHL and Paraschuk. Thus, Defendant Burton's acts of inaction for refusing to report this particular incident of excessive force of staff abuse contributed to or proximately caused this 8th Amendment violation.

### COUNT # 2

(9) BURTON (Licensed Practical Nurse) - Contributed to this 8th Amendment violation of the cruel and unusual punishment clause for being "Deliberately Indifferent" to the Plaintiff's safety and health due to her witnessing all of the Plaintiff's injuries during and after staff had abused him in the presence of her and other medical staff in the medical unit in the excessive/unnecessary force incident. Hence, the defendant was aware of the severity and extent of the Plaintiff's injuries for one. Secondly, the defendant was well aware of the physical danger (exacerbation of the health condition) that the Plaintiff would face and endure if the injuries went untreated. Thirdly, the defendant intentionally still refused to treat the Plaintiff for his injuries out of Mali in cahoots with the victimizing staff that caused the Plaintiff's injuries to worsen. Especially his eye condition which is almost completely blind now. Thus, the defendant (Burton) refusal to treat the Plaintiff for a known and obvious injury or injuries was deliberately indifferent to the Plaintiff's safety and health. Especially, being that she witnessed some of the abuse. Defendant Burton's reluctance to report the incident of staff abuse that she witnessed or document my injuries prevented me from being provided with medical care to clear and visible injuries ■ and did infact cause me further physical harm due to her deliberate indifference and this constitutes a violation of the fourteenth Amendment's protection against the deprivation of liberty without due process.

## DEFENDANT BEEBE
### COUNT # 1

(10) BEEBE (Correctional Officer) - Contributed to this 8th Amendment violation of Cruel and Unusual Punishment Clause for "EXCESSIVE FORCE" by participating in the incident in the form of initiating the Assault on me while I was seated in the medical Triage room, officer Beebe choked me in a choke hold in an attempt to twist my neck in an unnatural direction trying to brake it to which Nurse Paraschuk assisted him in this assault by grabbing both of my shackled legs, then officer Beebe continued to assault me outside of the triage room. Defendant Beebe's attack on me was with a force that is especially repugnant to the conscience of mankind.

### COUNT # 2

(11) BEEBE (Correctional Officer) - Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to him failing to curb the acts and actions of all the staff that were involved and/or participated in this unnecessary force incident which contributed to or Proximately caused this 8th Amendment violation.

## DEFENDANT MONROE
### COUNT # 1

(12) MONROE (Licensed Practical Nurse) - Contributed to this 8th Amendment violation of Cruel and unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety and health due to her retaliating against the Plaintiff by taking the Plaintiff's front hand cuff Pass against the Doctor's (Physician Gilbert Noe's) Prescribed orders due to the fact that I filed a complaint of staff abuse. Plaintiff's family also notified him that they filed a complaint of staff abuse on Plaintiff's behalf. Therefore, medical staff were forced by a higher authority to conduct an injury assessment on Plaintiff from staff abuse. Hence when the Physician, Dr. Gilbert Noe, ████ noticed the huge swelling and injury to my arm, hand, wrist ankle and face, he Prescribed me a "Front Cuff Pass and no Prolonged standing Pass" meaning that I have an exemption and would have been allowed to be handcuffed with my hands in front of my body due to my arm, shoulder, elbow and hand/wrist being severely swollen/inoperable, otherwise making it impossibly Painful for me to be handcuffed with my hands behind my back. So a Doctor who ordered and Prescribed for me to be handcuffed in the front for 30 Days is the only medical Official that can take that Pass and/or revoke a Prescription. But a few weeks

after Doctor Gilbert Noe issued the front Cuff Pass, Nurse Monroe had Captain Ostribecki, Lieutenent Harry and an unknown sergeant escort me from Echo dormito cell 2113 to Echo dormitory's Medical triage room under the guise that I was being see for a medical evaluation due to my family filing a complaint of staff abuse, As told to me by Captain Ostribecki during this medical visit, Nurse Monroe then refused to document my injuries and she falsified documents as if I had no visible swelling nor injury, even though all of my injuries were so visible that even a blind Person would notice them. Moreover, She refused to Provide me with any Pain medication and /or relievers stating that she hopes that I Die from the Pain. To add to that, Defendant monroe confiscated My front handcuff Pass at the request of Assistant Warden (J. Dawson) due to the facts that she stated that Dr. Gilbert Noe who Prescribed the front cuff Pass is "Pro Inmate" and that she is "Pro Police" so that's th reason she had my front cuff Pass discontinued for the Purpose of the Prison Administration at this facility. (As I've made complaint of in grievance log #'s 2106-510-025 and 21-6-19038 that I filed in regards to this matter which will be filed and referenced as exhibits during the discovery Phase of this cause of action). Thus, it is obvious and safe to say that Defendant Monroe has violated my 8th Amendment Constitutional Right by being deliberately indifferent to my health by illegally discontinuing and revoking my front cuff Pass against the Doctor's orders because Doctor Gilbert Noe, who is also the Chief health Officer at this Prison, had determmed that the front cuff Pass was the appropriate regimen for the condition that I was in and experiencing. So by Defendant Monroe intentionally going against that order is not onl showing that she meant/ means to harm me but it shows malice. Furthermore, all of the elements of medical deliberate indifference has been met in this case. Because for one she was aware of the Physical and medical condition that I was in. For two, not only did she fail to treat me for the obvious medical condition but she went all out of her way intentionally to mistreat me for the obvious medical condition. And three, not onl did it cause me injury by exacerbating my medical condition with my arm but it caused alot of Mental and Physical Pain and suffering. Furthermore, Defendant Monroe's 'Calculated harassment unrelated to Prison/Medical needs' in concert with Prison authorities may also constitute Cruel and unusual Punishment in violation of the eighth Amendment, and also constitutes a violation of the fourteenth Amendment's Protection against the deprivation of liberty without due Process.

## DEFENDANT PAPILLON

(13) FRANCK PAPILLON (X-RAY TECHNICIAN) - Contributed to this 8th Amendment violation the Cruel and unusual Punishment clause for being "Deliberately Indifferent" to the Plaintiff's health due to him falsifying X-RAY Projections/reports in order to make it seem as though nothing was/is wrong with my right eye in an attempt to cover up and conceal an obvious injury so that my injuries which are attributed to staff abuse will go unsubstantiated making my meritorious claims look frivilous. Thus, defendant Papillon is guilty of being deliberately indifferent to Plaintiff's health and safety being that he was aware of my injuries from X-Ray test but failed to Provide the interpreting X-Ray Physician (Pratul M. Patel) with the correct X-Rays of my right eye that were taken by Defendant Papillon, thus, making it impossible for me to be treated at all. Therefore causing my eye condition to become exacerbated which resulted in me almost being completely blind now in that right eye, which meet all the elements in a medical deliberate indifference case. Defendant Papillon also Prolonged the taking of the initial X-Rays in order to try and evade from capturing the true swelling and damage caused to my eye by injuries attributed to staff abuse on April 29, 2021. Defendant Papillon also Prolonged the X-Rays from being taken which Prevented me from receiving much needed medical care for my injuries and caused my injuries to worsen which constitutes a violation of the fourteenth Amendment's Protection against the deprivation of liberty without due Process.

Page 4(b)(9) (Additional Attachment)

## DEFENDANT PATEL

(14) PRATUL M. PATEL ( INTERPRETING X-RAY PHYSICIAN) - Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment clause for being "Deliberately Indifferent to the Plaintiff's health due to Defendant Patel falsifying his report of the X-RAY exam on my right eye to conclude that the Plaintiff suffered no injury when infact it was later discovered by another Optometrist that there were / is "Large Floaters" in the Plaintiff's right eye, a condition created by the trauma / Damage that was Present when the X-RAYS were taken. Furthermore, Defendant Patel acted with malice by falsely reporting that he found no injury to the Plaintiff's Right eye, which also constitutes a violation of the fourteenth Amendment's Protection against the deprivation of liberty without due Process.

## DEFENDANT D. ROBERTS

## COUNT # 1

(15) D. ROBERTS (OPTOMETRIST) - Contributed to this 8th Amendment violation of the Cruel and unusual Punishment clause for being "Deliberately Indifferent" to the Plaintiff's health due to her falsifying optometry documents and/or reports by making it seem as if I had nothing wrong with my right eye in attempt to cover up and conceal an obvious injury so that my injuries which were attributed to staff abuse will go unsubstantiated making my meritorious claims look frivolous. Thus, defendant D. Roberts (Optometrist @ The Reception and Medical Center in Lake Butler Florida) is guilty of being deliberately indifferent to Plaintiff's health being that she was aware of my medical (injured eye) condition from her eye exams but still chose to falsify documents as if there was nothing wrong with my eye, thus, making it impossible for me to be treated at all. Because Prisoners can not get treated for something that has no diagnosis especially if the examiner/specialist is claiming that nothing wrong exist with the inmate. Therefore, causing my eye condition to become exacerbated which resulted in me almost being completely blind now in that right eye, which meets all of the elements in a medical deliberate indifference case. Because had the Optometrist at R.M.C. been honest by diagnosing my eye condition at the time that the exam was taken instead of ....

falsifying documents as if nothing was wrong with my right eye, then I could have received medical treatment for that eye before it deteriorated and became worse, which also violated the 14th Amendment's Protection against the deprivation of liberty without due Process.                    . (Attachments from Page 4 (PART-b) Concluded).

(END OF ATTACHMENT).

1. On April 29, 2021, while I was housed at Charlotte Correctional Institution within Bravo dormitory's wing one cell number B1-201 @ approximately 4:30PM - 5:30PM around the time of shift change, I held the food flap (cuffing Port) open with my arm declaring that I had a medical emergency being that I had sharp chest pains and could barely breathe.

2. So an officer by the last name of 'Beebe' had came and pulled me out of the cell to escort me to the medical building, he then proceeded to place handcuffs, blackbox, leg irons (shackles) and waist chain on me extra tight.

3. So I asked him (Officer Beebe) why was he placing all of the restraints on me so tight? Plus, I informed him that I could hardly breathe. But Officer Beebe never responded to what I was saying. Hence, I already knew that something was not right. So I just said "damn it" to myself and allowed him to escort me up to the medical building.

4. Upon arriving in the medical building with Officer Beebe we were met by Nurse Iniza Paraschuk who directed us in to a triage room and asked me to seat myself on a low sitting stool so that she could take my vitals.

5. After I sat down on the stool officer Beebe got right behind me and put his arms around my neck in a choke-hold and tried to twist my neck as if to snap it.

6. I started to get up and nurse Paraschuk grabbed both of my legs to stop me and the entire time they were telling me "Don't make this any worse, just let it happen!"

7. So I knew from their actions, their statements and from what they were not stating that they were in fact trying to cause me harm or mortal injury in that triage room without anyone knowing or seeing what was going on.

8. I used all of my strength to get myself out of the choke hold that officer Beebe had me in then I dove out of the triage room on to the floor.

9. Officer Beebe jumped on top of me along with an unknown female officer and kept assaulting me with closed fist punches to the head and neck area while trying to force me to lie on my stomache face down in a position which would have prevented me

from defending myself against them.

10. Eventually about 15 other officers responded to the back up call including Captain Mena, Lieutenant Foster, Sergeant Basilio and the rest is unknown to Plaintiff as to the other Officer's names.

11. Once they arrived, they found my cell phone. So Captain Mena and Lieutenant Foster Punched me in the eye and around the area of the sides of my face trying to interrogate me for information.

12. Then staff brought me back in to the triage room for a Post use of force assessment on the handheld camcorder while the triage room door was closed.

13. Then the camera man stood outside the window holding the camcorder pointing it in on me. So Lieutenant Foster started threatening me under his breath and he instructed Defendant Basilio to place a spit shield over my head then he wispered to Basilio to "wait until they get me inside the room." (Meaning / instructing him to assault me there).

14. Then they escorted me to Y-dormitory cell # Y2-102 (located directly behind the medical building) and told me to kneel down in front of the cell's door.

15. Sergeant Basilio was on my right side directly in front of cell # Y2-102.

16. While I was kneeling down, I kept looking at Basilio telling him that I could not breathe but he told me to "Shut the fuck up!"

17. At some Point they took the spit shield off of my face.

18. Then I looked at sergeant Basilio again, that's when he Poked his finger into my right eye causing me to lose my vision in that eye immediately / completely so I screamed out in Pain.

19. Then Basilio told me to "Shut the fuck up before you lose your other eye"

thus letting me know that he was ███ intentionally trying to blind me/ disfigure me.

20. Then Lt. Foster directed Basilio to escort me inside of the cell out of the camera's view

21. Once inside of the cell with Basilio, they told me to kneel down again while I still had on the blackbox, waistchain, leg irons (shackles) and handcuffs.

22. Then Basilio started hitting me with closed fist punches all in the mouth, eye and facial area while Lt. Foster was shouting "Inmate stop Resisting" to make it seem as if I was causing Problems to justify staff abusing me But I was fully restrained, and unable to "Resist" even if I wanted to.

23. After Defendant Basilio assaulted me inside of the cell I was then left inside the cell with the blackbox, waistchain and handcuffs still on me which I feared being assaulted again while restrained, so I took my hand out the cuff and slipped the chain off of my body, while still in the cell alone.

24. I was injured so bad that I thought that my arm was broken, because my arm was injured for almost 3 months after the date of the assault by Defendant Basilio and it left me unable to even lift my left arm from the elbow to wash up under my right armpit or any part of my body with the left arm.

25. I vividly remember seeing Defendant Paraschuk being called to see me through the cell window for Yet another "Post Use Of Force Assessment" but she refused to document any of my injuries even though I clearly had blood profusely running from a wound on my top lip where Basilio had punched me and another wound on my forehead where Basilio slammed my head to the ground, nor did Defendant Paraschuk Provide me any medical treatment for my known and obvious injuries

26. I turned in numerous sick call request forms claiming staff abuse to be seen for my severe injuries but was never seen until almost a full week after the incident took place on 4/29/2021.

27. Staff attempted to deprive me of medical treatment hoping that my wounds and injuries would be healed by the time it gets reported so that my staff abuse incident would get covered up and brushed under the rug.

28. But I had gained contact with my family i.e. (My Mother Patricia Jhurilal) who informed me that she reported the staff abuse incident, contacted an attorney by the name of Benjamin Crump about it and forced medical staff to come see me which is the first time and the reason that medical staff had came to see me and document my injuries.

29. I was then referred to take X-Rays after this point, the X-Ray technician, Franck Papillon, refused to document any of my injuries and falsified the X-Ray Projection report making it seem as if there was no injury to my right eye.

30. A week had elapsed from when the incident had taken place up until the time I had seen the Physician, Doctor Gilbert Noe. My injuries were still swollen, noticeable and very evident, hence, Dr. Noe had prescribed me with a front handcuff pass and no prolonged standing pass due to my arm and foot injuries, etc.

31. Dr. Noe also prescribed me medication for the pain and swelling.

32. But out of retaliation, Defendant Monroe, had came back a few days later, stating that, "If I can make a complaint of staff abuse, then she's going to revoke and take my front cuff pass" (among other vile statements she made). But no LPN has the authority to over-ride a doctor's orders nor revoke a doctor's prescribed pass.

33. Doctor Gilbert Noe referred me to be seen by the optometrist @ R.M.C. and on 9/21/2021 Dr. L. Roberts @ R.M.C. examined my eye and stated that there was nothing wrong with my injured right eye, which is a bold face lie.

34. Then on 1/24/2022 while housed again ▄▄ @ Charlotte Correctional Institution I was seen by another 'Florida Vision Provider' by the name of Idania Fernandez and she found that in my internal right eye existed "Large Floaters", which substantiates that the Plaintiff did infact experience the 'Ocular trauma' that occured on 4/29/2021 due to staff abuse.

— STATEMENT OF CLAIM CONCLUDED —

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?
• APRIL 29, 2021 (Thursday) @ approximately 4:30PM - 5:30PM (STAFF ABUSE)
• MAY 6th or 7th of 2021 @ approximately 8:00AM - 1:00PM (Seen by Dr. Gilbert Noe).
• MAY 27th, 2021 @ approximately 3:00PM - 3:20PM (Nurse Monroe confiscated Pass).
• MAY 18, 2021 @ approximately 4:35PM (Dr. Patel interprets X-Ray of Right eye)
• January 24, 2022 @ approximately 2:00PM - 2:58PM (Seen by Idania Fernandez for Internal eye exam).

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was assaulted by staff. Officer Beebe and Nurse Paraschuk tried to seriously or Mortally cause me injury within the triage room. Over a dozen other officers responded and were involved in assaulting me or standing by watching the assault. One of the Officers who saw me being assaulted was Officer Jean-Piere (he was assigned as the Disciplinary report investigation officer @ that time, he did not Partake in the assault. Also, Nurse Burton witnessed me being assaulted as well as the fixed wing cameras located on either end of Y-dormitory's wing Two walkways. Another officer by the name of Lazzardo also was Present when Sergeant Basilio assaulted me inside the cell of Y2-102.

V.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. • Defendant Basilio stuck his entire finger in my eye socket in attempt to gorge out my eye ball and caused "Permanent Disfigurement/Injury" by causing me to lose my vision in my right eye and go blind in that eye.
• Defendant Basilio injured my left arm so bad that I could not lift my arm that I had no function in it and could not lift it to wash myself. So I think he had broken my left arm because I couldn't use it nor do anything with it, and/or caused severe - Permanent nerve damage.
• Defendant Basilio is also responsible for injuring the Plaintiff's foot, wrist, hand, ring finger on right hand all of which the Plaintiff thinks were broken, and/or suffered severe - Permanent nerve damage.
• Defendant Basilio had constantly/repeatedly Punched me in the facial area/head while also slamming my head to the concrete causing lacerations to the Plaintiff's skull, head and facial area.
• Defendant Basilio has also caused the Plaintiff severe Mental and emotional injury which has had an adverse Psychological affect on Plaintiff resulting in severe/constant homicidal and suicidal ideations, anxiety, depression, etc.

VI.    **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. (A). Plaintiff requests a Preliminary injunction from Charlotte Correctional Institution and from all Named Defendants as a means to Properly litigate my claims without being hindered access to the court which this is and has been an issue At Charlotte C.I.
(B). Issue a declaratory Judgment stating that: (1). The Physical abuse of the Plaintiff by the defendants applying unnecessary force violated the Plaintiff's rights under the 8th Amendment to the U.S. Constitution and constituted an assault and battery under Florida Law. (2). Defendant's failure to take action to curb the "Excessive Force" upon a Prisoner violated Plaintiff's rights under the 8th Amendment to the U.S. Constitution.
(C). Award compensatory damages in the following (jointly and severally) against all named Defendants i.e, $200,000 from each Defendant.
(D). Award Punitive Damages in the following (jointly and severally) against all named Defendants.
(E). Grant other relief as it may appear that Plaintiff is entitled. (The basis for these claims is my Permanent injuries, my future inability to be Productive in a competitive labor Market without the need of corrective surgeries/Procedures or both specialized human or technological assistance due to my injuries, And for the need of specialized eye care and mental health services which only can be received by outside care Providers which the Plaintiff will need to cover himself for the duration of his Prison sentence).

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD.
PUNTA GORDA, FLORIDA. 33955

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

- The claims of staff Abuse on 4/29/2021
- The claims of Nurse Monroe Confiscating the handcuff/no Prolonged standing Pass.
- The claims of Medical staff refusing to document My injuries.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance? I filed my grievances @ Charlotte Correctional Institution i.e, grievance log numbers: # 21-6-19038

# 21-6-19042                    # 2106-510-025

# 2106-510-029                 # 21-6-18785

# 510-2105-0306               # 2106-510-026 (Approved grievance)

                              # 510-2105-0392

2.    What did you claim in your grievance?
I claimed staff abuse, medical's deliberate indifference / retaliation, and medical's refusal to document my injuries or X-Ray my injuries the way they happened on 4/29/2021.

3.    What was the result, if any? One grievance was "approved" and the rest were either Denied or returned without Action in a manner by Prison Authorities to clearly circumvent or place in to circumspect my efforts to seek and find further redress to my grievances through the court.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
The grievance Process is totally complete. I took every step I could from the institutional level of grievance review to the Central Office level of appeal but each time Prison authorities circumvented my efforts of appeal In order to Prevent me from Preserving evidence like Audio recordings or video footage that I sought for them to retain.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

(NOT APPLICABLE)

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

(NOT APPLICABLE)

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I Placed / submitted over a dozen "Inmate Requests" to Warden Derek Snider and to Colonel Scarpati requesting that all video and Audio recordings of my claims be retained for the Purpose of future litigation and not one of those requests were ever returned to me here @ Charlotte Correctional Institution.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

I did have a case dismissed without Prejudice because Prison authorities here @ Charlotte Correctional Institution were hindering me from sending out/ filing My Amended 1983 Complaint that was in the US District Court for the Northern District of Florida (Pensacola Division), due to Prison authorities throwing away My incoming and outgoing legal communications I no longer have a copy of the final order from that Particular Court.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)

Defendant(s)    N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?

☐ Yes

☐ No     N/A

If no, give the approximate date of disposition.    N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?    Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)  RONNIE JHURILAL # B10228

Defendant(s)  Roger W. Manning et al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*

US District Court for The Northern Florida District (Pensacola Division)

3.   Docket or index number

Prison Authorities @ Charlotte C.I. Threw away my court documents with the Docket Number on it

4.   Name of Judge assigned to your case

The Document that had the Magistrate Judge's name on it was thrown away by Prison Authorities here @ Charlotte C.I.

5.   Approximate date of filing lawsuit

October or November of 2020.

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition  January or February of 2021.

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*  Dismissed without Prejudice.

PROVIDED TO
CHARLOTTE CI
ON 8-23-22 OR MAILING
BY _____ On Ro

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    August 23, 2022.

Signature of Plaintiff        Ronnie Jhurilal
Printed Name of Plaintiff     RONNIE JHURILAL
Prison Identification #       B10228
Prison Address                Charlotte Correctional Institution, 33123 OIL WELL ROAD
                              PUNTA GORDA           FLORIDA        33955
                                  *City*              *State*      *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                                  *City*              *State*      *Zip Code*

Telephone Number
E-mail Address